IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC
2014 JAN 24  P 3: 53

| | |
|---|---|
| David Micheal Dietrich, | ) |
| Plaintiff, | ) |
| vs. | ) No. 2:12-cv-3501-RMG |
| | ) **ORDER** |
| Sheriff Bruce Bryant; Richard L Martin; Chief Arwood; Lt. Guidry; Tammy Dover, *RN*; and James Jewell, *MD*, | ) |
| Defendants. | ) |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 109), recommending that Defendant Jewell's Motion for Summary Judgment be granted and Plaintiff's Motion for Summary Judgment and Motion for Default Order against Defendant Jewell be denied.[1] For the reasons stated below, the Court **ADOPTS** the R & R in full. Accordingly, Defendant Jewell's Motion for Summary Judgment (Dkt. No. 45) is **GRANTED**, and Plaintiff's Motion for Summary Judgment (Dkt. No. 86) and Motion for Default Order (Dkt. No. 87) against Defendant Jewell are **DENIED**.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or

---

[1] The R & R only concerned dispositve motions related to Defendant Jewell. It does not concern the pending motion for summary judgment by other defendants or Plaintiff's motions concerning other defendants.

modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## Discussion

Plaintiff is a pretrial detainee at the York County Detention Center. (Dkt. No. 1 at 2). Among other allegations, Plaintiff complains about his medical care while at the Detention Center. Defendant James Jewell, a physician, saw Plaintiff in October of 2011, after a nurse noted a "hard swollen area to [Plaintiff's] lower abdomen." (Dkt. No. 45-2 at 31-32). Dr. Jewell diagnosed Plaintiff with an incisional hernia due to a prior gastric by-pass surgery. (*Id.* at 32). Plaintiff alleges that he suffers from "chronic and substantial pain" due to the hernia and requires surgery. (Dkt. No. 1 at 8). Defendant Jewell has put forward expert testimony that an incisional hernia following a gastric by-pass does not require surgical treatment. (Dkt. No. 92-1 at 2). Jewell found that surgery for the hernia was elective. Thus, Plaintiff was told that, if he wanted surgery, he would have to pay for the surgery up-front. (Dkt. No. 1 at 8).

It is undisputed that Plaintiff has a hernia and that it has not been surgically treated. The Magistrate Judge is correct that Plaintiff's mere disagreement with the decision that surgery is not required does not constitute deliberate indifference. *See, e.g., Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged."). Instead, Plaintiff must show that the defendant knew of "a substantial risk of serious harm to an inmate" and disregarded that risk. *E.g., Short v. Smoot*, 436 F.3d 422, 427 (4th Cir. 2006).

The Magistrate Judge noted that Plaintiff's medical records contain no indication that Plaintiff ever complained of any pain related to his hernia, and found that "[s]imply put, there is no evidence to support a finding that Dr. Jewell knew that Plaintiff was in pain and, knowing that, denied pain medication to Plaintiff." (Dkt. No. 109 at 8). Therefore, the Magistrate Judge found that no reasonable jury could find that Dr. Jewell was deliberately indifferent to Plaintiff's serious medical needs. (*Id.*).

In his objections to the R & R, Plaintiff does not dispute this finding but claims that he did not complain to medical staff about the pain for fear of retaliation from Detention Center staff. (Dkt. No. 111 at 2-3). Regardless of why Plaintiff did not complain, Dr. Jewell cannot be held to be deliberately indifferent to a condition (here, Plaintiff's pain) if he did not know about it. *See Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (rejecting § 1983 claim because Plaintiff "has produced no evidence that the doctors subjectively knew about the pituitary tumor and deliberately failed to treat it"). As Plaintiff points out, he has "only seen Dr. Jewell one time in 44 months and that was only for the diagnosis of the hernia." (Dkt. No. 111 at 4). There is simply no evidence in the record suggesting Dr. Jewell knew of a serious medical condition and deliberately failed to treat it. Therefore, Dr. Jewell is entitled to summary judgment.

With regard to Plaintiff's motions, Plaintiff does not appear to raise any specific objections to the R & R. (*See* Dkt. No. 111 at 1). He notes that he received discovery responses from Dr. Jewell after he filed his motions for summary judgment and default order, and that if he had received them earlier, he would not have filed the motions. (*Id.*). However, Plaintiff does not object to the Magistrate Judge's recommendation that his motions be denied or to her finding that Dr. Jewell's failure to timely respond to discovery would not entitle Plaintiff to a judgment, default or otherwise. (*See id.*; Dkt. No. 109 at 11 (quoting *Curry v. Charleston Cnty. Police Dep't*, No. 0:10-522, 2010 WL 3766875 at *1 (D.S.C. Aug. 31, 2010))). In any event, the Magistrate Judge is correct. Therefore, Plaintiff's motions are denied.

## Conclusion

The Court, therefore, **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. No. 109) as the order of this Court. Accordingly, Defendant Jewell's Motion for Summary Judgment (Dkt. No. 45) is **GRANTED**, and Plaintiff's Motion for Summary Judgment (Dkt. No. 86) and Motion for Default Order (Dkt. No. 87) against Defendant Jewell are **DENIED**.

**IT IS SO ORDERED**.

Richard Mark Gergel
United States District Judge

January 24, 2014
Charleston, South Carolina