IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| David Micheal Dietrich, ) | |
| ) | No. 2:12-cv-3501-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Sheriff Bruce Bryant; Richard L Martin; ) | |
| Chief Arwood; Lt. Guidry; and Tammy ) | |
| Dover *RN*; ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 121), recommending that Defendants' Motion for Summary Judgment be granted and Plaintiff's Motion for Summary Judgment and Motion for Default Order against Defendants be denied. Plaintiff filed timely objections. (Dkt. No. 124). For the reasons stated below, the Court **ADOPTS** the R & R in full. Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 62) is **GRANTED**, and Plaintiff's Motion for Summary Judgment (Dkt. No. 84) and Motion for Default Order (Dkt. No. 85) against Defendants are **DENIED**.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those

portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## Discussion

### A. Defendants' Motion for Summary Judgment

Plaintiff is a pretrial detainee at the York County Detention Center (YCDC). (Dkt. No. 1 at 2). It is undisputed that on March 17, 2011, Plaintiff was assaulted by another inmate, Williams Huggins. (Dkt. No. 1 at 10; Dkt. No. 62-6 at ¶ 10). Plaintiff brought a deliberate indifference claim against Defendants claiming that they "knew that there was a substantial risk to [Plaintiff] of serious harm, but ignored that risk and failed to take reasonable steps to adequately protective [Plaintiff] while in protective custody." (Dkt. No. 1 at 5). However, the Court agrees with the Magistrate Judge that there is no evidence in the record that Defendants knew Inmate Higgns posed a threat to Plaintiff and disregarded that risk. As Plaintiff himself states, "Plaintiff had no reason to alert any staffer about a problem with Higgins, because there were none up to the point of the assault." (Dkt. No. 69 at 10).

Plaintiff states that YCDC officials knew of Higgins' "violent history" because of the charges against him.[1] (Dkt. No. 124 at 2). While Higgins was arrested on a charge of Assault and Battery (2nd Degree), in addition to charges of Trafficking in Crack Cocaine and Resisting Arrest, this charge was predicated on allegations that Higgins had assaulted a police officer. (Dkt. No. 62-6 at ¶¶ 12-13). Thus, YCDC officials were concerned that Higgins might pose a threat to YCDC staff and that his own safety or security might be a concern. (*Id.* at ¶ 14). However, until the assault at issue, Higgins presented no signs of aggression toward another inmate, and no conflicts between Higgins and any other inmate were brought to the attention of YCDC staff. (*Id.* at ¶ 15.) Plaintiff and Higgins were in the same unit for nearly two weeks without incident and without any reason for Plaintiff or YCDC staff to be concerned about Higgins' actions toward Plaintiff or other inmates. (*Id.* at ¶ 16; Dkt. No. 69 at 10).

Plaintiff appears to believe that because he was assaulted while in custody and was not at fault for the assault, Defendants must be liable under Section 1983. (*See generally*, Dkt. No. 124). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Prison officials must have a "sufficiently culpable state of mind." *Id.*

---

[1] Plaintiff also states that Higgins' "prison history" from South Carolina Department of Corrections indicates a violent history. (Dkt. No. 124 at 2). However, nothing in record indicates any prior "prison history," and Plaintiff does not elaborate. One conclusory statement by Plaintiff does not meet his burden of proof on summary judgment. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013) ("[T]he nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence.").

Plaintiff also argues that "[i]f all procedures were followed correctly" the assault would not have occurred. (Dkt. No. 124 at 1, 3). First, there is no evidence in the record that any procedures were not followed. However, even assuming this were true, it at best states a claim for negligence. "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (quotations omitted).

Finally, Plaintiff argues that the fact that YCDC paid his medical bills indicates "fault" on their part. (Dkt. No. 124 at 2). However, "[e]vidence of furnishing, promising to pay, or offering to pay medical, hospital, or similar expenses resulting from an injury is not admissible to prove liability for the injury." Fed. R. Evid. 409.

Plaintiff has simply failed to put forward evidence that Defendants knew of a substantial risk to his safety and disregarded it. Therefore, summary judgment is appropriate.[2]

The Magistrate Judge also found that Plaintiff's medical indifference claim fails, and recommended granting summary judgment in favor of Nurse Dover. (Dkt. No. 121 at 10). Plaintiff has not objected to this recommendation. (Dkt. No. 124). The Court agrees that this claim fails for the reasons stated in its prior Order regarding Dr. Jewell (Dkt. No. 114) and grants summary judgment in favor of Dover.

## B. Plaintiff's Motions

The Magistrate Judge recommended denying Plaintiff's Motion for Summary Judgment and Plaintiff's Motion for Default Order. (Dkt. No. 121 at 10-12). Plaintiff does not object to

---

[2] To the extent that Plaintiff raised other claims against Defendants, the Magistrate Judge found that those claims failed. (Dk.t No. 121 at 9 n.3). Plaintiff has not objected to these findings (*see* Dkt. No. 124), and the Court adopts them for the reasons stated in the R & R.

-5-

these recommendations and, in fact, states that if he had received Defendants' request for extension earlier, he would not have filed the motions. (Dkt. No. 124 at 2-3). Thus, for the reasons stated in the R & R, the Court denies these motions.

## Conclusion

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. No. 121) as the order of this Court. Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 62) is **GRANTED**, and Plaintiff's Motion for Summary Judgment (Dkt. No. 84) and Motion for Default Order (Dkt. No. 85) against Defendants are **DENIED**.

**IT IS SO ORDERED**.

Richard Mark Gergel
United States District Judge

June 10, 2014
Charleston, South Carolina